**MODIFICATION AGREEMENT**

This Modification Agreement is made on 5/1/2009 , by and between LISA HAMILTON,  and Vericrest Financial, Inc., successor to The CIT Group/Consumer Finance, Inc.

**The Parties agree as follows:**

A.      Borrower currently has a loan, account number 00009800808074, with Lender secured by the Property (as defined below), that matures on, and must be paid in full by, .Finance, Inc.

B.      Borrower executed and delivered the following documents (collectively, and with any amendments thereto, the Loan Documents) which concern the real and personal property located at 1404 LONE JACK ROAD. GLASGOW VA 24555:

         a.      A Note dated , in the original principal amount of $382,050.00.

         b.      A Mortgage, Deed of Trust, or Deed to Secure Debt on the Property, dated securing the original principal amount of $382050.00.

C.      As of 5/1/2009, amounts outstanding under the Note total $382,050.00, consisting of unpaid principal of $382,050.00, accrued and unpaid interest of $0.00, and unpaid fees of $0.00.

D.      Borrower is in default under the Loan Documents, Lender has properly accelerated the Note or the Lender may accelerate the Note at Lender's sole option, and there exist no defenses, counterclaims, or unsatisfied conditions to Lender's acceleration of the Note.

E.      Borrower waives presentment of notice or demand, and desires that the current holder of the Security Instrument: (i) forbear from completing a foreclosure sale of the property; (ii) enter into this Agreement; and (iii) accept the payment plan set forth herein.

**The Parties further agree that for good and sufficient consideration received on execution of this Agreement:**

1.      <u>Payments under Proposed Amendment to Note</u>. Beginning on 5/1/2009 and continuing through the Accommodation Period Maturity Date (as defined herein), Lender will set aside a portion of the Unpaid Principal Amount consisting of $87,779.70 and Unpaid Interest in the amount of $0.00, and recalculate monthly payments required under the Note based on the Unpaid Principal Amount minus the Deferred Principal. As long as Borrower is not in default under the payment schedule set forth by this Agreement, the Monthly Accommodation Payments will be calculated as follows:

         a.      Accommodation Principal: $294,270.30;

      b.      Interest Rate: 6%;

      c.      Accommodation Period Maturity Date: 5/1/2011; and

      d.      Monthly Accommodation Payments: $1,806.00.

Borrower will deliver each Monthly Accommodation Payment, by the day of each month of the Accommodation Period (beginning on ), to Lender at the address set forth above or at such other address as Lender shall stipulate from time to time. During the Accommodation Period, payment of Unpaid Fees shall continue to be governed pursuant to the terms of the Loan Documents. Upon the Accommodation Period Maturity Date, monthly payments under the Loan Documents shall be calculated and payable pursuant to the remaining terms of this Agreement.

2.      <u>Satisfaction of Accommodation Period Requirements</u>. If Borrower delivers all payments required during the Accommodation Period and is not otherwise in default under the terms of the Loan Documents or this Agreement, then, upon the Accommodation Period Maturity Date, the Loan Documents will be modified as follows:

      a.      The Accommodation Payment Terms will be the new payment terms under the Note, subject to any escrow adjustment allowable under the Loan Documents;

      b.      Borrower shall be responsible for the repayment of the Deferred Principal and the Deferred Interest at or prior to the Account Maturity Date; provided that Borrower may pay such amounts at any time prior to the Account Maturity Date without any prepayment penalties;

      c.      The Security Instrument will be modified to reflect the modifications contained herein; and

      d.      Lender will release Borrower from any default under the Loan Documents and will dismiss any foreclosure action it currently has against Borrower with respect to the Property.

3.      <u>Events of Default</u>. If Borrower fails to make any Monthly Accommodation Payment within fifteen (15) days after the due date thereof, or otherwise fails to observe any of the terms, conditions, covenants or agreements set forth herein or in the Loan Documents, such failure constitutes an event of default under the Loan Documents and this Agreement. Upon Borrower's default and the expiration of any right to cure under the Loan Documents, at Lender's option and upon Lender's delivery of notice to Borrower, this Agreement shall become null and void as though it had never existed, and Borrower's obligations under the Loan Documents shall be determined without regard to this Agreement. Furthermore, Lender will be entitled to (i) resume foreclosure activities and complete any foreclosure of the Property and (ii) state as due an amount calculated pursuant to the Loan Documents without regard to this Agreement.

4.      <u>Miscellaneous</u>. Borrower will pay all property taxes due on the Property as such taxes are due or provide Lender with proof of payment arrangements made with the appropriate taxing authority sufficient to forestall any foreclosure action initiated by such taxing authority, with such arrangements being satisfactory to Lender in Lender's sole discretion. Borrower will provide proof of property insurance naming Lender as loss payee, as provided in the Security Instrument.

5. <u>Confirmation of Loan Documents</u>. Terms used but not defined in the Agreement have the same meanings ascribed to them in the Loan Documents. Except as provided herein, all other terms and conditions of the Loan Documents remain in full force and effect as originally constituted and are hereby ratified and confirmed.

6. <u>Entire Agreement</u>. This Agreement constitutes the whole agreement between Borrower and Lender with respect to the subject matter herein. The parties hereto specifically waive and release each other from any and all claims, actions, and defenses based upon any other, prior agreements affecting the Loan Documents. The parties confirm that no other prior terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind whatsoever concerning the modification of the Loan Documents that are inconsistent with the terms of this Agreement shall affect the Loan Documents or negate the operation and effect of this Agreement.

IN WITNESS WHEREOF, Borrower and Vericrest Financial, Inc., successor to The CIT Group/Consumer Finance, Inc. have executed this Modification Agreement as of the date first written above.

_____
LISA HAMILTON

_____

STATE OF _____ )
COUNTY OF _____ )

Before Me, a Notary Public in and for said County, personally appeared the above named Borrowers and acknowledged that he/she did sign the foregoing instrument, and that the same is his/her free act and deed dated _____,

_____ My Commission Expires:

Vericrest Financial, Inc., successor to The CIT Group/Consumer Finance, Inc.

By: _____

Title: